| iWOODARD, Judge,
dissenting.
I respectfully dissent. A reading of the record in its entirety indicates that the hearing officer clearly erred. She based her ruling on inferences that are not supported by the record, which are, therefore, not reasonable. She found in favor of claimant, yet, claimant gave direct testimony which contradicts the hearing officer’s inferences upon which she relied for her ruling. By the claimant’s own admissions, the evidence is overwhelming that the now disputed $80.00 was intended by both parties to be rent, not wages, and that it was not being paid to Mr. Nash as compensation for his labor.
“The term “wages’ means the amount earned by the employee through his own labor, rather than profits for his enterprising or rental for any equipment he may provide. Where an employee furnishes his own truck and other pieces of equipment or provides his owm helpers, an adjustment is ordinarily made in arriving at his wage so as to exclude those sums paid by the employer in remuneration for these items.” Herrin v. Georgia Cas. & Sur. Co., 414 So.2d 1323, 1327 (La. App. 2 Cir.1982); citing Malone & Johnson, Workers’ Compensation, Sec. 327, p. 114 (Emphasis added).
[2Mr. Nash’s testimony is unequivocal. He, like his employer, understood that the $80.00 extra he was receiving per week was being paid to him as rent for the use of his *45 truck, tools and equipment, in addition to, and separate from, but at the same time as, his hourly wage for his labor:
Q. And who came up with the $80 per week amount?
A. Mr. Chauvin and I tried to discuss the matter, to do it. He said he would see a CPA and see which would be the legal way to do this tax purposely (sic) and he handled it, and this is what he come up with. And he produced (sic) this position (sic) to me: $80 a week for my tools, equipment and all my tools that were available. (Emphasis added).
See also item number (2) on Exhibit P-1, claimant’s offering, a letter agreement, signed both by the claimant and his employer. This item says “$80.00 week for use of truck and tools.” It is also noteworthy that the payroll summary, on which the hearing officer relied, Exhibit D-l, was entitled “Darrell Nash Payroll” and contains only the hourly wage and hours worked. The $80.00 is not calculated in the wages and does not even appear on this page. Those payments appear on a separate ledger page entitled “Darrell Nash Truck & Tool Rental.” Additionally, a reading of the record as a whole demonstrates that Nash never disputed any of the above. He substantiated it.
Notwithstanding, in her reasons for judgment, the hearing officer found that this rental fee was a factor considered by the parties in establishing the amount of Mr. Nash’s wages. She concluded this based on inferences she drew from the payroll summary, which showed that Mr. Nash’s hourly wage was reduced around the time that the parties agreed to the extra $80.00 per week and from the testimony that the employer continued to possess, but did not pay for, the track and tools when Mr. Nash was absent from work due to his injury.
However, the record does not support these inferences and Mr. Nash gave direct testimony to explain what was actually intended, which was contradictory to the hearing officer’s inferences. Regarding the hourly rate fluctuations, Nash never claimed that an increase or decrease in his hourly rate was ever tied to the use of, or payment for the use of, his truck. In fact, he continually maintained that the wages and rental were separate considerations:
|qQ. And was that (the rent money) discussed in terms of an agreement over your overall pay at Premium Prodcuts (sic)?
A. It had nothing to do with my pay, other than I — part of my pay. It was part of my pay weekly that I was to receive $80 a week with my pay, if that’s what you mean. (Emphasis added).
Below, Mr. Nash, again, explains away the hearing officer’s inference regarding continued possession of the truck with no payment. He says that his employer’s continued possession was because Nash insisted on it and that he insisted on it against his employer’s protest:
A. “We’ll have to work out this tool situation, whatever it takes to work it out.” He needed my equipment and he needed my tools, and I didn’t want to take them away from him. He wanted — at one time, he (the employer) made me come and get my tools, right after I got out of the hospital. And I told him, no, I wasn’t going to do him that. I left the tools that he needed to get his work done. I said, “You keep everything you need. I said, “If I put you out of business, I’m out of business.” So that’s basically what I told him. That’s — (emphasis added).
Since both parties intended that the $80.00 per week paid to Mr. Nash was to reimburse him for the use of his truck, tools and equipment on the job, and was not compensation for his labor, the hearing officer was manifestly erroneous in concluding that the $80.00 was wages.